In re Brian H. MADDEN, a/k/a Brian Harold Madden, Debtor.

Robert L. PRYOR, Trustee, Estate of Brian H. Madden, a/k/a Brian Harold Madden, Plaintiff,

v.

BASVIS REALTY CORP.; 142–150 Jericho Partners; J. Michael Hammer; Marguerite Carney; The Bank of New York; and Brian Madden, Defendants.

Bankruptcy No. 889–91727–20.
Adv. No. 890–8286–20.

United States Bankruptcy Court,
E.D. New York,
at Westbury.

April 15, 1993.

Kevin M. Walsh, Spellman & Walsh, Garden City, NY.

Robert L. Pryor, Goldman, Horowitz & Cherno, Mineola, NY, Chapter 7 Trustee.

Sacks Bernstein & Greenspan, Garden City, NY.

Cullman & Dykman, Brooklyn, NY.

## DECISION AND ORDER ON MOTION TO DISMISS AND CROSS–MOTION FOR SUMMARY JUDGMENT

ROBERT JOHN HALL, Bankruptcy Judge.

### PRELIMINARY STATEMENT

This matter comes before the Court on a motion ("Motion") by an above-referenced defendant to dismiss the complaint ("Complaint") in the above-referenced adversary proceeding ("Adversary Proceeding") for failure to state a cause of action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Federal Rules"), made applicable herein by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"). In opposition to the Motion, the above-referenced plaintiff has submitted a cross-motion for summary judgment ("Cross-motion") pursuant to Federal Rule 56, made applicable herein by Bankruptcy Rule 7056.

The Court has jurisdiction over this matter pursuant to sections 157(a), (b)(1) and 1334 of title 28, United States Code ("title 28") and the order of referral of matters to the bankruptcy judges by the District Court for the Eastern District of New York (Weinstein, C.J., 1986). This is a core proceeding pursuant to section 157(b)(2)(A), (B), (K) and (O) of title 28.

For the reasons given below, the Court holds that (1) the Motion is granted in part to the extent that the first and second causes of action of the Complaint are dismissed; (2) Plaintiff's Cross-motion is denied; (3) Plaintiff is given leave to amend the Complaint to add a cause of action

pursuant to Bankruptcy Rule 7001(2) (further described below); and (4) counsel for the parties are directed to appear at a status conference before the Court on June 24, 1993.

## RELEVANT FACTS

On or about June 24, 1987, Basvis Realty Corp., an above-captioned defendant ("Basvis"), purchased certain real property located at 142–150 Jericho Turnpike, in Mineola, New York ("Property") from 142–150 Jericho Partners, also an above-captioned defendant ("Jericho Partners"). At the time of the transaction, Jericho Partners was a New York partnership with Brian Madden, the above-referenced debtor ("Debtor") and J. Michael Hammer ("Hammer") as the sole general partners.

In connection with the sale of the Property, Basvis executed a promissory note, dated June 24, 1987 ("Note"), providing for payment of the sum of $100,000.00 to Jericho Partners. Basvis also executed a mortgage on the Property in favor of Jericho Partners to secure payment of the indebtedness ("Mortgage"). The Note and Mortgage were delivered to Jericho Partners.

On or about September 23, 1988, in an unrelated action entitled *The Bank of New York v. Brian H. Madden, Individually, J. Michael Hammer, Individually, Joseph Reeseman, Individually, Linda Reeseman, Individually, et al.* (Index No. 9923/88), a default judgment was entered in favor of The Bank of New York ("BONY") against the Debtor and Hammer in the amount of $859,400.00 ("Judgment").

Following the judgment, BONY brought a petition by order to show cause, pursuant to section 54 of New York Partnership Law, seeking to attach the interest of the Debtor and Hammer in Jericho Partners in order to satisfy payment of the Judgment entered against the Debtor and Hammer ("Petition").

On or about April 20, 1989, the Honorable Kenneth D. Molloy of the Supreme Court, Nassau County, issued a decision granting the Petition.

On or about May 26, BONY assigned the Judgment to Marguerite Carney ("Carney").

By filing a complaint, on October 12, 1990, Robert L. Pryor, chapter 7 trustee of the Debtor's estate ("Trustee"), as plaintiff commenced the Adversary Proceeding seeking a judgment:

(i) Directing the sale of the Note and Mortgage free and clear of all liens, encumbrances and claims, the same to be transferred to the net proceeds thereof;

(ii) Determining the nature, extent and validity of all liens upon said Note and Mortgage;

(iii) Declaring all said liens null and void, and if any of the same are declared valid, that the same be marshalled and the order of their priority be determined;

(iv) Against Basvis in an amount in excess of $13,288.76; and

(v) Granting interest, costs, attorneys fees, and such other and further relief as is just and proper.

Trustee's Complaint at 6. Presumably, the Trustee's request in clause (i) for a sale of the Note and Mortgage is made pursuant to section 363 of title 11, United States Code ("Bankruptcy Code"). In applicable part, section 363 provides that, after notice and a hearing, a trustee may sell "other than in the ordinary course of business, property of the estate ... free and clear of any interest in such property of an entity other than the estate only if—(1) applicable nonbankruptcy law permits sale of such property free and clear of such interest; [or] (2) such entity consents...." 11 U.S.C. § 363(b), (f). With respect to clauses (ii) and (iii), the Trustee maintains that pursuant to section 544(a) of the Bankruptcy Code, the Trustee's interest in the Debtor's rights and interests in the Note and Mortgage are superior to Carney's. Section 544(a) gives the trustee the status of a judicial lien creditor against all property of the estate, of a holder of an execution against the debtor, or of a bona fide purchaser of real property from the debtor, all as of the commencement of the case. 11 U.S.C. § 544(a).

By notice of motion Carney commenced a Motion seeking an order dismissing the Trustee's Complaint, pursuant to Federal Rule 12(b)(6), for failure to state a claim upon which relief can be granted. In her accompanying memorandum of law ("Carney's Memorandum"), Carney renders a summary of her argument and some of the pertinent facts; Carney's Memorandum provides:

> In this action, the Trustee is attempting to secure, as an asset of the estate, the interest of Brian H. Madden [the Debtor] in a general partnership known as 142–150 Jericho Partners. Madden is the debtor in this bankruptcy proceeding; 142–150 Jericho Partners is not. The interest of a general partner in property of the partnership is not sufficient to cause the property to be classified as property of the debtor for the purposes of 11 U.S.C. Section 544. Therefore, the Complaint filed in this adversary proceeding must be dismissed, pursuant to Fed.R.Civ.P. 12(b)(6), for failure to state a claim upon which relief can be granted.

Carney's Memorandum of Law at 5.

## DISCUSSION

In order for Carney to prevail on her Motion, the Note and Mortgage must be determined *not* to be property of the Debtor's estate. In that circumstance the Trustee completely lacks authority to seek judgment dealing with the Note and Mortgage in any way. Without authority to control the Note and Mortgage, the Complaint, pursuant to which the Trustee seeks judgment providing for the sale of the Note and Mortgage as well as a determination of the nature, extent and validity of all liens therein, fails to state a claim upon which relief can be granted by the Court. Accordingly, we must initially determine whether the Note and Mortgage are property of the estate.

■ The Debtor and Hammer, as partners, own Jericho Partners. The nature of the Debtor's individual interest in Jericho Partners is statutorily defined under applicable New York law: "A partner's interest in the partnership is his share of the profits and surplus and the same is personal property." N.Y.Partnership Law § 52. Of course, this personal property which represents the Debtor's interest in Jericho Partners is property of the Debtor's estate. 11 U.S.C. § 541 (an estate is comprised of all legal or equitable interests of the debtor in property as of the commencement of the case).

The Note and Mortgage are specific partnership property. The nature of the Debtor's right in this specific partnership property is also statutorily defined: "A partner is co-owner with his partners of specific partnership property holding as a tenant in partnership." N.Y.Partnership Law § 51(1).

■ Whether specific partnership property is property of a debtor/partner's estate depends upon the nature of that partner's interest in specific partnership property. This holds true because a debtor's estate's interest in any property is equal to the interests of the debtor in such property as of the commencement of the case. 11 U.S.C. § 541(a)(1). Pursuant to New York law, the relevant incidents of a partner's holding of specific partnership property are such that:

> A partner's right in specific partnership property is not assignable except in connection with the assignment of the rights of all the partners in the same property....
>
> A partner's right in specific partnership property is not subject to attachment or execution, except on a claim against the partnership.

N.Y.Partnership Law § 51(2)(b), (c).

■ Because a partner has no right to assign specific partnership property, nor is such property subject to attachment or execution by an individual partner's creditors, a debtor/partner's estate does not include such rights. Of course, if these rights are not included in a debtor/partner's estate, they do not belong to a trustee in bankruptcy.

■ In the case at bar, the Note and Mortgage are specific partnership property belonging to Jericho Partners. The nature

of the Trustee's rights in the Note and Mortgage is equal to that of the Debtor who holds as a tenant in partnership. This right to hold as a tenant in partnership is property of the Debtor's estate. This is the extent of the Debtor's estate's interest, however. The specific property in which the Debtor's estate holds as a tenant in partnership is not property of the estate. Accordingly, the Court holds that the Note and Mortgage are not property of the estate.

■ Because the Note and Mortgage are not property of the Debtor's estate, the Complaint fails to state a claim upon which relief can be granted to the extent that it contains requests premised upon the Trustee's (or the Court's) ability to control them. The relief requested in clauses (i), (ii) and (iii) above (the first two causes of action in the Complaint) are each premised upon the Note and Mortgage being property of the Debtor's estate. These claims for relief cannot be granted by the Court; therefore, the Court holds that Carney's Motion is granted as to these three clauses and the same are hereby dismissed. Clause (iv) of the Complaint is not presently before the Court.

The Court also holds that the Trustee's Cross-motion for summary judgment must be denied for the same reasons. The Cross-motion seeks relief wholly premised upon the Court's ability to enter judgment affecting the Note and Mortgage. The Trustee writes: "WHEREFORE, it is respectfully requested that the Court enter Judgment declaring that all liens or claims against the Note and Mortgage are null and void." Trustee's Memorandum of Law in Support of Cross-motion at 9. Because this pleading fails to state a claim upon which relief can be granted, it is dismissed. Fed.R.Bankr.P. 12(b).

Finally, the Court acknowledges that the validity, priority, or extent of Carney's and/or the Trustee's interests, if any, in the Note and Mortgage or in the Debtor's interest in Jericho Partners, has not been determined and is not before the Court. The Court perceives that the resolution of these issues may be vital to the administra-tion of the Debtor's estate. Accordingly, the Trustee is hereby given leave to amend the Complaint to add a cause of action for an order or judgment determining the validity, priority, or extent of a lien or other interest in the Debtor's interest in Jericho Partners or in the Note and Mortgage. *See* Fed.R.Bankr.P. 7001(2).

For administrative purposes, counsel for the parties herein are directed to attend a status hearing before the Court (1635 Privado Road / Westbury, NY 11530 / Room 205 (516) 832–8801) on June 24, 1993 at 9:30 a.m.

**SO ORDERED.**